FILED & JUDGMENT ENTERED
Steven T. Salata

April 10 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**SHELBY DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | **CASE NO. 18-40013** |
| THURMAN VASSEY TRUCKING, INC. ) | |
| Debtor. ) | **CHAPTER 11** |
| ) | |

## CONSENT ORDER ON HANMI BANK'S REQUEST FOR ADEQUATE PROTECTION PAYMENTS

HANMI BANK, ("Movant"), a secured creditor and party-in-interest having requested adequate protection of its interests, and THURMAN VASSEY TRUCKING, INC. ("Debtor"), based upon their mutual consent, hereby consent to the entry of this Consent Order ordering Debtor to make adequate protection payments to Movant.

### FINDINGS OF FACT

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On January 10, 2018, Debtor filed its voluntary Petition under Chapter 11 of the United States Bankruptcy Code. The Debtor is continuing to operate its business as Debtor-in-Possession.

3. Movant is a creditor of the Debtor in this proceeding and was listed on Debtor's Schedules.

4. On or about June 20, 2016, Debtor entered into Equipment Financing Agreement No. 4017929401 ("Agreement 4017929401") with Pinnacle Capital Partners, LLC to finance certain equipment. On October 26, 2016, Banc of California, N.A. n/k/a Hanmi Bank purchased Agreement 4017929401. Hanmi Bank is the rightful owner of Agreement 4017929401 and the equipment financed under same, which includes the following:

        One (1) 2007 53" Wabash Reefer Trailer, VIN 1JJV532W37L027400; and
        One (1) 2008 53" Wabash Reefer Trailer, VIN 1JJV532W48L091818.

        Said equipment is specifically described in Proof of Claim No. 6 filed by Movant in this case ("Agreement 4017929401 Collateral").

5. Movant perfected its security interest in the Agreement 4017929401 Collateral by noting its lien on the titles to the Agreement 4017929401 Collateral. Copies of said titles are attached as exhibits to Proof of Claim No. 6.

6. Agreement 4017929401 was in default pre-petition and remains in default. No post-petition payments have been made by Debtor to Movant with regard to Agreement 4017929401. The value of the Agreement 4017929401 Collateral is $35,000.00.

7. On August 20, 2015, Debtor entered into and executed an Equipment Financing Agreement No. 4014899101 ("Agreement 4014899101") with Pinnacle Capital Partners, LLC to finance certain equipment. On September 28, 2015, Banc of California, N.A. n/k/a Hanmi Bank purchased Agreement 4014899101. Hanmi Bank is the rightful owner of Agreement 4014899101 and the equipment financed under same, which includes the following::

        One (1) 1980 Fruehauf 6700 Tank Trailer, VIN UNT009401;
        One (1) 1980 Fruehauf 6700 Tank Trailer, VIN UNT009435;
        One (1) 1988 Fruehauf 7000 Tank Trailer, VIN 1H4T0452XJK025006; and
        One (1) 1979 Stainless Tank & Equipment 7000 Tank Trailer, VIN STE1173.

        Said equipment is specifically described in Proof of Claim No. 5 filed by Movant in this case ("Agreement 4014899101 Collateral").

8. Movant perfected its security interest in the Agreement 4014899101 Collateral by noting its lien on the titles to the Agreement 4014899101 Collateral. Copies of said titles are attached as exhibits to Proof of Claim No. 5.

9. Agreement 4014899101 was in default pre-petition and remains in default. No post-petition payments have been made by Debtor to Movant with regard to Agreement 4014899101. The value of the Agreement 401899101 Collateral is $50,000.00.

10. On June 9, 2014, Debtor entered into and executed an Equipment Financing Agreement No. 4012070401 ("Agreement 4012070401") with Pinnacle GA, LLC to finance certain equipment. On January 30, 2015, Banc of California, N.A. n/k/a Hanmi Bank purchased Agreement 4012070401. Hanmi Bank is the rightful owner of Agreement 4012070401 and the equipment financed under same, which includes the following:

        One (1) 1984 Fruehauf Tanker Trailer, VIN 1H4T04121EK007005;
        One (1) 1980 Butler Tanker Trailer, VIN 2398B10; and
        One (1) 1990 Polar 1PMS Tanker Trailer, VIN 1PM534224L1010207.

      Said equipment is specifically described in Proof of Claim No. 4 filed by Movant in this case ("Agreement 4012070401 Collateral").

11. Movant perfected its security interest in the Agreement 4012070401 Collateral by noting its lien on the titles to the Agreement 4012070401 Collateral. Copies of said titles are attached as exhibits to Proof of Claim No. 4.

12. Agreement 4012070401 was in default pre-petition and remains in default. No post-petition payments have been made by Debtor to Movant with regard to Agreement 4012070401. The value of the Agreement 4012070401 Collateral is $52,000.00.

13. The Agreements 4017929401, 4014899101, and 4012070401 Collateral remain in Debtor's possession and continue to depreciate in value without adequate protection and compensation to Movant.

14. Debtor recognizes Movant's perfected security interests in the Agreements 4017929401, 4014899101, and 4012070401 Collateral.

15. The requirements of the Bankruptcy Rules and the Bankruptcy Code, including without limitation Bankruptcy Rule 4001(d), have been satisfied for the granting of adequate protection to Movant upon the terms set forth in this Order.

    NOW, THEREFORE, based upon the stipulations of the parties and their consent as evidenced by the signatures of their respective counsels of record, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. Debtor is ordered to make adequate protection payments to Movant as follows:

   a. With regard to Agreement 4017929401, Movant shall have an allowed secured claim in the amount of $35,000.00 and an allowed unsecured claim in the amount of $593.33. For purposes of adequate protection payments and treatment under the Debtor's Plan of Reorganization, the secured claim shall be paid over a five (5) year term at 6.00% interest per annum with monthly payments of $676.65 until a Chapter 11 plan is confirmed and thereafter continuing at the same rate. The first payment is due on or before April 1, 2018 and each payment shall be due by the 1st day of each consecutive month thereafter.

   b. With regard to Agreement 4014899101, Movant shall have an allowed secured claim in the amount of $50,000.00 and an allowed unsecured claim in the amount of 14,788.80. For purposes of adequate protection payments and treatment under the Debtor's Plan of Reorganization, the secured claim shall be paid over a five (5) year term at 6.00% interest per annum with monthly payments of $966.64 until a Chapter 11 plan is confirmed and thereafter continuing at the same rate. The first payment is due on or before April 1, 2018 and each payment shall be due by the 1st day of each consecutive month thereafter.

      c. With regard to Agreement 4012070401, Movant shall have an allowed fully secured claim in the amount of $28,984.49. The Agreement 4012070401 Collateral is valued at $52,000.00 and therefore Movant is oversecured as to the Agreement 4012070401 Collateral pursuant to 11 U.S.C. §506(b). For purposes of adequate protection payments and treatment under the Debtor's Plan of Reorganization, the secured claim shall be paid over a five (5) year term at 6.00% interest per annum with monthly payments of $560.35 until a Chapter 11 plan is confirmed and thereafter continuing at the same rate. The first payment is due on or before April 1, 2018 and each payment shall be due by the 1st day of each consecutive month thereafter.

      d. All of the agreements provided for the collection of Movant's attorney's fees in the event of default. Movant shall file a fee application for allowance of its attorney's fees and the Debtor will pay such attorney's fees as are allowed by the Court.

2. If Debtor should fail to comply with any of the terms of this Consent Order or the terms of Agreements 4017929401, 4014899101, and 4012070401, then Movant shall notify Debtor's counsel in writing via facsimile and/or email. If Debtor should fail to cure the default within fifteen (15) calendar days of the written notice of default, Movant shall be entitled to immediate relief from the automatic stay as to the collateral described herein without further notice to any party or any hearing. Debtor is entitled to two (2) Notices of Default. Upon a third default by the Debtor, Movant is entitled to automatic relief from stay without notification to the Debtor, regardless of whether such defaults are pre-confirmation or post-confirmation of the Plan. Upon entry of this Consent Order, Agreements 4017929401, 4014899101 and 4012070401 are deemed restored to a non-default status.

3. Upon the stay being lifted or any default that is not cured by Debtor, Debtor shall immediately make the Agreements 4017929401, 4014899101, and 4012070401 Collateral available to Movant or Movant's authorized agent for repossession.

4. Debtor is ordered to abide by all terms and conditions of Agreements 4017929401, 4014899101, and 4012070401, including but not limited to maintaining liability insurance on the all of the collateral naming Movant as an additional insured and loss payee. The Debtor shall provide proof of insurance upon the request of Movant.

5. Debtor shall make the Agreements 4017929401, 4014899101, and 4012070401 Collateral available to Movant for inspection upon the request of Movant, with reasonable notice to the Debtor. The Debtor shall not dispose of the Agreements 4017929401, 4014899101, and 4012070401 Collateral, nor lease, lend, transfer, convey or otherwise encumber the same.

6. All payments are to be made payable to "Hanmi Bank" and are to be mailed as follows: Hanmi Bank, P.O. Box 2149, Gig Harbor, WA 98335.

7. The terms of this Consent Order shall be incorporated by reference into any Plan proposed by the Debtor. The Debtor agrees not to propose any Plan which provides for less favorable treatment of Movant's claims than is set forth in this Consent Order.

8. Movant shall retain its liens on the Agreements 4017929401, 4014899101, and 4012070401 Collateral.

9. Thurman Moran Vassey, Jr. and Dorothy Lovelace Vassey, as personal guarantors, reaffirm their liability under their personal guaranties of Agreements 4017929401, 4014899101, and 4012070401 and consent to the modifications contained in this Consent Order.

10. The provisions of Rule 4001(a)(3) shall not apply to this Order.

**WE CONSENT:**

/s/ William S. Gardner
Gardner Law Offices, PLLC
320-1 E. Graham St.
Shelby, NC 28150
Telephone: 704-600-6113
billgardner@gardnerlawoffices.com
*Attorneys for Thurman Vassey Trucking, Inc.*

/s/ Byron L. Saintsing
Byron L. Saintsing
Smith Debnam Narron Drake
Saintsing & Myers, LLP
P.O. Box 26268
Raleigh, NC 27611-6268
Telephone: 919-250-2000
bsaintsing@smithdebnamlaw.com
*Attorneys for Hanmi Bank*

/s/ Thurman Moran Vassey, Jr.
Thurman Moran Vassey, Jr. – Guarantor

/s/ Dorothy Lovelace Vassey
Dorothy Lovelace Vassey - Guarantor

This Order has been signed electronically.
The Judge's signature and Court's seal appear
at the top of the Order.

United States Bankruptcy Court